```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

THOMAS ALFRED PANNO,

                Plaintiff,

vs.                                     Case No.   2:03-cv-208-FtM-29DNF

STATE OF FLORIDA DEPARTMENT OF
CHILDREN & FAMILIES, JERRY REGIER,
in his official capacity as
Secretary of DCF, Liberty Behavioral
Health Corp., and ROBERT BRIODY,
Ph.D., in his official capacity as
Executive Director of the FCCC,

                Defendants.
_____/

## **ORDER**

     This matter comes before the Court on plaintiff's Motion for Relief From Judgment (Doc. #143), filed on June 7, 2005.  Defendant Liberty Behavioral Health Corporation filed a Response (Doc. #149) on July 8, 2005.  Also before the Court is plaintiff's Motion to Strike Second Motion for Extension of Time (Doc. #150).

     The three-count Complaint (Doc. #1) alleged violations of Title II of the Americans with Disabilities Act (ADA) against the State of Florida Department of Children and Families (DCF) and Jerry Regier, Secretary; violations of the ADA against Liberty Behavioral Health Corporation (Liberty Health) and Robert Briody, PhD; and retaliatory discrimination and harassment for engaging in protected activities against all defendants.  On August 15, 2003, the Court entered an Order (Doc. #52) dismissing the State of

Florida Department of Children & Families with prejudice as to Count I of the Complaint, and dismissing Dr. Robert Briody with prejudice as to both Counts II and III of the Complaint. On September 16, 2004, the Court entered an Order (Doc. #134) granting summary judgment in favor of defendant Jerry Regier, Secretary of Florida Department of Children and Families as to Count I of the Complaint and granting summary judgment in favor of Liberty Behavioral Health Corporation as to Count II of the Complaint. As a result of the Orders, only Count III remained.

On October 12, 2004, pursuant to a Stipulation of Voluntary Dismissal With Prejudice, the Court entered an Order (Doc. #141) dismissing Count III with prejudice. Judgment in a Civil Case (Doc. #142) was entered on October 14, 2004. The Court did not retain jurisdiction over the settlement agreement ("Memorandum of Understanding") and this is undisputed.

Plaintiff seeks relief from the judgment pursuant to Fed. R. Civ. P. 60(b) to reopen the case and to proceed to trial on Count III of the Complaint. Although all of plaintiff's arguments are based on an alleged breach of the settlement agreement, plaintiff states that he "does not seek enforcement of the settlement agreement in this motion." (Doc. #143, p. 8). Plaintiff argues that he was induced to settle by Rick Harry, Executive Director, and therefore argues that relief is appropriate under Rule 60(b)(3) for "fraud [ ], misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). To demonstrate fraud or

-2-

misrepresentation, "the moving party must also show that the conduct prevented the losing party from fully and fairly presenting his case or defense." Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. ), cert. denied, 531 U.S. 813 (2000)(citing Scutieri v. Paige, 808 F.2d 785, 794 (11th Cir. 1987)). Plaintiff "must prove by clear and convincing evidence" that the judgment was obtained "through fraud, misrepresentations, or other misconduct." Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003).

Plaintiff filed an Affidavit (Doc. #144) stating that Rick Harry induced him to settle the lawsuit offering accommodations if he settled. (Doc. #144, ¶ 7). A table with a drop-down keyboard was placed in the computer room, but for all residents on a first-come first-serve basis. (Id. at ¶ 9). Plaintiff states that once provided, he was told by Rick Harry that he could have exclusive use if he settled the case. (Id. at ¶ 10). A sign was placed over the computer providing that "This Computer Station is to be the last one occupied per Mr. Harry. This will be a station that Resident Panno uses only in case he decides to utilize the Computer Lab." (Doc. #149, Ex. 10). After the placement of the sign, plaintiff states that he consulted with his counsel and the settlement was reached. (Doc. #144, ¶ 14). The sign was later removed. (Doc. #149, Ex. 2, ¶ 17).

Defendant Liberty Health filed an opposing Affidavit of Rick Harry (Doc. #149, Ex. 2) wherein Rick Harry admits that one-on-one

meetings are held and that two such meetings were held with plaintiff. (Id. at ¶ 8). Mr. Harry states that he "acknowledged [his] general awareness of [Panno's] lawsuit, but discussed nothing further about the suit." (Id. at ¶ 9). Mr. Harry also states that "[h]aving been an administrator . . . for over thirty (30) years, I know to refrain from any informal conversations regarding pending litigation in the absence of counsel." (Id. at ¶ 12).

A review of the Memorandum of Understanding clearly supports the responses to resident communications that no preferential treatment is to be provided to plaintiff and that the computer lab is established on a first-come first-serve basis. Plaintiff was represented by counsel and plaintiff in fact expressed his "admiration and appreciation for the remarkable work, on [his] behalf, by Mr. delao [sic] and his Firm." (Doc. #144, ¶ 2). A review of the file clearly reflects that plaintiff was not prevented from obtaining a full and fair hearing on the issues, that he was adequately represented, and that plaintiff has other recourse available to him in state court if he thinks that the Memorandum of Understanding has been breached. The Court finds that plaintiff has failed to meet his burden to demonstrate, by clear and convincing evidence, that the judgment (and underlying settlement) was obtained by fraud or misrepresentation or other adverse action. Therefore, reconsideration of the closure of this case is not justified. The motion is due to be denied.

Accordingly, it is now

**ORDERED:**

1.  Plaintiff's Motion for Relief From Judgment (Doc. #143) is **DENIED**.

2.  Plaintiff's Motion to Strike Second Motion for Extension of Time (Doc. #150) is **DENIED** as moot.  The Court granted the second request on June 28, 2005, and finds no cause to reconsider the decision to allow the extension of time.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of July, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Thomas Alfred Panno - FCCC
Counsel of record